**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

GLENDA A. CRUTHIS                    )
                                     )
                                     )
            Plaintiff,               )
                                     )
v.                                   )          No. 07-CV-229-SAJ
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of the Social Security  )
Administration,                      )
                                     )
            Defendant.               )

## OPINION AND ORDER[1]

Pursuant to 42 U.S.C. § 405(g), Plaintiff appeals the decision of the Commissioner denying Social Security benefits.  Plaintiff asserts that (1) the ALJ violated Plaintiff's right to due process by failing to permit her attorney to complete his cross-examination of the vocational expert ("VE"); (2) the ALJ failed to perform a proper determination at Step Five of the sequential evaluation process; and (3) the ALJ failed to perform a proper credibility determination.  For the reasons discussed below, the Court reverses and remands the Commissioner's decision for further proceedings consistent with this opinion.

## 1.  FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Glenda A. Cruthis, was born on April 9, 1954, and was 52 at the time of the hearing. [R. 268].  She has a limited education but is able to communicate in English. [R.14I].  She had previously worked as a housekeeper in a hospital and foundry worker in a foundry. [R. 273, 276].  Plaintiff alleges that she became unable to perform her usual work duties on July 7, 2004, as a result of the pain caused by fibromyalgia and

---

[1]This Order is entered in accordance with 28 U.S.C. § 636(c) and pursuant to the parties' Consent to Proceed Before United States Magistrate Judge.

subsequently became unemployed on July 22, 2004. [R. 88, 93, 273].  She was diagnosed as having fibromyalgia in 2004 and claims to have constant pain and trouble moving around. [R. 44, 86, 274-275, 278-283].   She was also diagnosed as having major depressive disorder, recurrent, severe with psychotic features, post traumatic stress disorder and panic disorder. [R. 136, 155, 242-243].   The initial diagnosis of major depressive disorder, recurrent, severe with psychotic features was changed to major depressive disorder, recurrent, severe without psychotic features for a period of time but was changed back to the original diagnosis at a later date. [R. 242, 239, 225].  Plaintiff claims that she cannot "do good" with the public, has anxiety, has trouble sleeping and hears voices, but receives treatment to help with those problems. [R. 275, 276].

Plaintiff filed an application for social security disability insurance benefits on July 27, 2004. [R. 30-32].  The Commissioner initially denied her application on October 26, 2004 [R. 17] and, on reconsideration, denied it again on March 2, 2005. [R. 22].  She then filed her Request for Hearing Before an ALJ on March 9, 2005 [R. 25], and  ALJ John Volz held the hearing on March 9, 2006. [*See* R. 266-299].   On May 5, 2006, ALJ Volz concluded that she had not been under a disability, as defined by the Social Security Act, from July 7, 2004 through the date of his decision. [R.14J].  Plaintiff filed a Request for Review of Hearing Decision on May 23, 2006, [R. 13], and the Appeals Council denied her request on February 23, 2007. [R. 6]. Plaintiff now seeks judicial review.

## 2. SOCIAL SECURITY LAW AND STANDARD OF REVIEW

The Commissioner has established a five-step process for the evaluation of social security claims. *See* 20 C.F.R. §§ 404.1520, 416.920. Disability under the Social Security Act is defined as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . .

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only if his

> physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy. . . .

42 U.S.C. § 423(d)(2)(A).[2]

The Commissioner's disability determinations are reviewed to determine (1) if the correct legal principles have been followed, and (2) if the decision is supported by

_____

[2] Step One requires the claimant to establish that he is not engaged in substantial gainful activity (as defined at 20 C.F.R. §§ 404.1510, 416.910 and 404.1572, 416.972). Step Two requires that the claimant demonstrate that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521, 416.972. If claimant is engaged in substantial gainful activity (Step One) or if claimant's impairment is not medically severe (Step Two), disability benefits are denied. At Step Three, claimant's impairment is compared with those impairments listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listings"). If a claimant's impairment is equal or medically equivalent to an impairment in the Listings, claimant is presumed disabled. If a Listing is not met, the evaluation proceeds to Step Four, where the claimant must establish that his impairment or the combination of impairments prevents him from performing his past relevant work. A claimant is not disabled if the claimant can perform his past work. If a claimant is unable to perform his previous work, the Commissioner has the burden of proof (Step Five) to establish that the claimant, in light of his age, education, and work history, has the residual functional capacity ("RFC") to perform an alternative work activity in the national economy. If a claimant has the RFC to perform an alternate work activity, disability benefits are denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence.  *See* 42 U.S.C. § 405(g); *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988); *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

The Court, in determining whether the decision of the Commissioner is supported by substantial evidence, does not examine the issues *de novo*.  *Sisco v. United States Dept. of Health and Human Services*, 10 F.3d 739, 741 (10th Cir. 1993).  The Court will "neither reweigh the evidence nor substitute its judgment for that of the Commissioner." *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000); *see Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).  The Court will, however, meticulously examine the entire record to determine if the Commissioner's determination is rational.  *Williams*, 844 F.2d at 750; *Holloway v. Heckler*, 607 F. Supp. 71, 72 (D. Kan. 1985).

"The finding of the Secretary[3] as to any fact, if supported by substantial evidence, shall be conclusive, . . ."  42 U.S.C. §  405(g).  Substantial evidence is that amount and type of evidence that a reasonable mind will accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Williams*, 844 F.2d at 750.  In terms of traditional burdens of proof, substantial evidence is more than a scintilla, but less than a preponderance.  *Perales*, 402 U.S. at 401.  Evidence is not substantial if it is overwhelmed by other evidence in the record.  *Williams*, 844 F.2d at 750.

This Court must also determine whether the Commissioner applied the correct legal standards.  *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994).   The

---

[3] Effective March 31, 1995, the functions of the Secretary of Health and Human Services ("Secretary") in social security cases were transferred to the Commissioner of Social Security. P.L No. 103-296. For the purposes of this Order, references in case law to "the Secretary" are interchangeable with "the Commissioner".

4

Commissioner's decision will be reversed when he uses the wrong legal standard or fails to clearly demonstrate reliance on the correct legal standards. *Glass*, 43 F.3d at 1395.

### 3. ADMINISTRATIVE LAW JUDGE'S DECISION

The ALJ determined that Plaintiff has "severe" impairments consisting of fibromyalgia and depression, but that she did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. [R. 14E].  He concluded that Plaintiff had a residual functional capacity ("RFC") to lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and /or walk 6 hours in an 8 hour day and sit for up to 6 hours in an 8 hour day. [R.14F].  He further determined that she was limited to simple, unskilled work with no interaction with the general public. *Id.*  Additionally, he determined that she had a limited education but she is able to communicate in English. [R.14I].  The ALJ concluded, taking into consideration Plaintiff's age, education, work experience, and residual functional capacity, that she is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. *Id.*  Accordingly, he determined that the Plaintiff had not been under a "disability", as defined in the Social Security Act, from July 7, 2004 through the date of his decision. [R. 14J].

### 4. REVIEW

Plaintiff argues that the ALJ erred because he did not perform a proper determination at Step Five of the sequential evaluation process.[4]  Specifically, Plaintiff contends that the hypothetical posed to the VE by the ALJ did not precisely reflect her

---

[4] Because the Court finds cause for remand based on Plaintiff's second argument, the Court declines to address the first and third arguments set forth by Plaintiff.

limitations as shown in the record. An ALJ's hypothetical inquiries to a vocational expert which contain assumptions adequately supported by the record can provide a correct basis for determining that no disability exists. *Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993). However, hypothetical questions "must include all (and only) those impairments borne out by the evidentiary record." *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995) (footnote omitted). Furthermore, testimony " 'elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.' " *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991)(quoting *Ekeland v. Bowen*, 899 F.2d 719, 724 (8th Cir. 1990)).

In his hypothetical question to Cheryl Mallon, the vocational expert, the ALJ asked whether a claimant with Plaintiff's age and past work experience, restricted to "light work, light duty, light range of exertional range where she would be required to only do simple tasks and not deal with the general public" could return to any of her prior work. [R.289]. The VE responded that were jobs in the regional or national economy that a person with those limitations could perform, such as a packing and filling machine operator, production inspector and assembler. *Id.* The ALJ made no mention of a moderate limitation in concentration, persistence or pace in his first hypothetical question to the VE. He failed to include this limitation despite the fact the record contains evidence of Plaintiff's limitation in that area. [R. 153, 170, 288-289]. Furthermore, he failed to include Plaintiff's moderate limitation in concentration, persistence or pace in his hypothetical despite concluding that she was limited in that area. [R. 14H]. When an ALJ concludes that a claimant has moderate limitations in concentration, persistence or pace, it should be in his hypothetical

6

to the VE. *Miranda v. Barnhart*, No.04-1500, 2005 WL 4888068 at **5 (10th Cir., Aug. 11, 2005) (unpublished).[5]

Plaintiff's counsel modified the ALJ's hypothetical and asked the VE if an individual whose concentration was limited up to fifty percent of the time would have difficulty in sustaining full time employment, to which she responded affirmatively. [R. 292].   He presented her with a Psychiatric Review Technique ("PRT") form from Dr. Horace W. Bedwell, showing that Plaintiff had a moderate degree of limitation in maintaining concentration, persistence, or pace. [R. 170, 292].   When the ALJ asked the VE whether this report would change her answer, she stated that such a person could perform simple tasks and "could probably get jobs but not keep jobs." [R. 293].   In addition to being able to find and physically perform jobs, a claimant must be able to "hold whatever job he finds for a significant period of time." *Winfrey v. Chater*, 92 F.3d 1017, 1025-1026 (10th Cir. 1996)(emphasis omitted).   Counsel then presented the VE with a Mental Medical Resource Statement, again from Dr. Bedwell, showing that Plaintiff had a moderate limitation in her ability to maintain attention and concentration for extended periods. [R. 157, 295].   When questioned about this limitation, the VE stated that one moderate limitation by itself would not prevent a person from working at simple repetitive jobs, but when questioned further, she stated it would limit an individual somewhat. *Id.*   Counsel inquired whether, if that limit

---

[5]The Court recognizes that "[u]npublished decisions are not precedential, but may be cited for their persuasive value." 10 Cir. R. 32.1. The Court has not been able to find a case more on point in the published opinions of the Tenth Circuit with regards to the requirement that a moderate limitation in concentration, persistence or pace be in the ALJ's hypothetical question to the vocational expert when the ALJ concludes that a claimant has such a limitation.

rose to the level of fifty percent, as set out in counsel's previous hypothetical, it would eliminate work, to which she responded affirmatively. *Id.*

The ALJ did not to obtain any testimony from the VE regarding the level of limitation a hypothetical person could have in the area of concentration, persistence or pace and still be capable of performing the jobs mentioned by the VE in response to his first hypothetical. Furthermore, he failed to elicit any testimony from the VE as to whether there were any other jobs that a hypothetical person with a moderate limitation in the area of concentration, persistence or pace could perform.  Instead, the ALJ relied on the testimony from the VE in response to his first hypothetical question which inadequately described all of Plaintiff's impairments as shown in the record in reaching his conclusion that Plaintiff was not disabled. [*See* R. 14I].  He also failed to address how Plaintiff's moderate impairment in the area of concentration, persistence or pace would affect her ability to work when he assessed her RFC.  Rather, he just concluded that she had a moderate limitation in this area and made no further mention of it. [*See* R. 14H].  Therefore, the ALJ erred when he gave no further explanation in his decision as to why he found Plaintiff not disabled, despite concluding that she had a moderate limitation in the area of concentration, persistence or pace and the testimony from the VE that there was no work she could perform if her limitation in being able to maintain concentration rose to fifty percent. *See Miranda*, 2005 WL 4888068 at **5.  In the absence of any evidence of what specific jobs a person with Plaintiff's specific limitations can perform, the VE's testimony cannot constitute substantial evidence on which the ALJ could rely in making his decision.  *See Hargis*, 945 F.2d at 1492.

## **5. Conclusion**

The Commissioner's decision denying Plaintiff's application for Social Security benefits is not supported by substantial evidence.  Accordingly, the Court reverses and remands the Commissioner's decision for further proceedings consistent with this opinion. On remand, the ALJ should obtain information from a vocational expert about whether specific jobs exist in significant numbers in the national economy for a person with Plaintiff's specific limitations, including a moderate limitation in concentration, persistence or pace.[6]

Dated this 19th day of June, 2008.

Sam A. Joyner
United States Magistrate Judge

---

[6]Additionally, the ALJ may wish to address whether a sit/stand option should be included in Plaintiff's RFC, as the Medical Expert's Physical Medical Resource Statement indicates that Plaintiff can only sit, walk or stand for one hour at a time. [R. 176].